# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1918-18T2

N.L.,

     Plaintiff-Respondent,

v.

P.C.L.,

     Defendant-Appellant.

_____

Submitted April 30, 2020 – Decided May 29, 2020

Before Judges Alvarez and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FV-07-0602-19.

Garces Grabler & LeBrocq, PC, attorneys for appellant (Arlindo B. Araujo, on the briefs).

N.L., respondent pro se.

PER CURIAM

     Defendant P.C.L. appeals from a November 27, 2018 final restraining

order (FRO) barring him from contact with N.L., the complainant, pursuant to

the Prevention of Domestic Violence Act of 1991, N.J.S.A. 2C:25-17 to -35. We affirm for the reasons stated by Judge Anne Marie Bramnick, J.S.C., in her cogent and thoughtful decision.

The parties, who are married, have two children. N.L. obtained the temporary restraining order (TRO) based on allegations that defendant sexually and physically assaulted her. P.C.L. contends she filed the complaint solely to gain leverage in the pending divorce, in which custody is disputed. During the FRO hearing, both parties testified, although N.L. was self-represented.

On appeal of the FRO, P.C.L. asserts the court committed the following errors:

> POINT I:
> TRIAL COURT ERRED BY FREELY AND UNDULY AIDING THE PLAINTIFF'S TESTIMONY IN FINDING THE PREDICATE ACT OF SEXUAL ASSAULT.
>
> POINT II:
> TRIAL COURT ERRED BY FINDING THAT THE PREDICATE ACT OF SEXUAL ASSAULT WAS SUFFICIENT TO WARRANT THE FRO, DURING THE ONGOING DIVORCE CASE, TO PREVENT FURTHER ABUSE.

Having reviewed the record, we do not agree that the judge "unduly aid[ed]" N.L. In this case, compounding the commonplace difficulties attendant to the process when the litigant in a domestic violence proceeding is self-

2

represented, the underlying events involved P.C.L. sexually assaulting N.L. From the record, it appears N.L. had some reluctance to respond with the necessary detail to questions regarding the assault. The judge had no alternative but to question N.L. as she did regarding the underlying incidents, and she did so fairly and reasonably.

A judge has broad discretion in controlling the courtroom and court proceedings. N.J. Div. of Child Prot. & Permanency v. A.B., 231 N.J. 354, 366 (2017); N.J.R.E. 611(a). This includes engaging in the questioning that took place here. We see no abuse of discretion in the manner in which the judge elicited the relevant information. The issue does not require further discussion in a written opinion. See R. 2:11-3(e)(2)(E).

We only briefly touch upon P.C.L.'s second point. To reiterate, the judge found that N.L. had established by a preponderance of the evidence two predicates acts of sexual assault, N.J.S.A. 2C:14-2(c)(1). She further concluded N.L. had met the second prong of Silver v. Silver, 387 N.J. Super. 112, 126-27 (App. Div. 2006), and that a restraining order was necessary to prevent future abuse. The judge determined that P.C.L.'s conduct established "a consistent pattern of power and control" even while the divorce litigation was pending, thus requiring an FRO "to protect [N.L.] from further abuse."

During the course of the marriage, N.L. testified, credibly in the judge's opinion, regarding P.C.L.'s examination of her phone calls and text messages; times he awakened her in the middle of the night, punched walls during arguments, and threatened to have her deported; and his claim that he did not force himself upon his wife, but rather, that she "cooperated" with sexual activity. Given that the parties continue to have contact related to their children, in addition to the nature of P.C.L.'s behavior, the judge's decision that N.L. satisfied the second prong of Silver is amply supported by the proofs in the record. No further discussion is required. R. 2:11-3(e)(2)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION